NOAH WOODS, *scire-facias, vs.* LORENZO D. COOKE.

*Scire-facias against trustee.   Demand.*

Where the respondent, as mortgagee, in possession of mortgaged chattels, at the March term, 1869, was charged as trustee "conditionally, namely, if the plaintiff pay him $2000 and interest from " a specified date, " within sixty days after the final judgment," an averment that the plaintiff tendered to the respondent " said $2000 and interest within said sixty days, to wit, on the seventeenth of May, 1869," is, on demurrer, a sufficient allegation of a compliance with the condition.

And it will be presumed that the court, in fixing the time within which the money should be paid, complied with R. S., c. 86, § 50; and an averment of tender within the time thus fixed, is equivalent to an averment of a tender " while the equity of redemption existed."

When a person is adjudged a trustee for " specific property in his hands, which he is bound to deliver at a future day," a demand need not be made upon him " within thirty days next after final judgment," to prevent a dissolution of the attachment.

But when the court, under R. S., c. 86, § 50, fixes a time, during the life of the equity of redemption of personal property, within which the plaintiff may tender the amount due on the mortgage, a demand, within thirty days next after the tender by the attaching creditor, is necessary, under § 73, to fix the liability of the trustee.

ON EXCEPTIONS.

*Scire-facias*, for that whereas Noah Woods, of Bangor, in the county of Penobscot, before our justice of our supreme judicial court, holden within and for our said county of Kennebec, at Augusta, on the first Tuesday of March, A. D. 1869, by the consideration of our said justice, recovered judgment against Barker A. Neal, of Gardiner, in our said county of Kennebec, and also against the goods, effects, and credits of said Barker A. Neal, in the hands and possession of Lorenzo D. Cooke, of said Gardiner, as his trustee, "charged conditionally, namely, if the plaintiff pay the trustee $2000 and interest from April 19, 1865, within sixty days after final judgment, then the trustee is to deliver to the officer one-half. the cigars and the interest in the vessel;" and the said plaintiff, Woods, avers that he did offer and tender to said Cooke said $2000 and interest within said sixty days, to wit, on the 17th day of May, A. D. 1869, for the sum of nineteen hundred thirty-four dollars and ninety-four cents, debt or damage, and also twenty-five dollars and seventy-two cents for costs and charges by him about his suit in that behalf expended, as to us appears of record.

And whereas, on the twenty-seventh day of March, 1869, an execution was issued on said judgment in due form of law by said court; and put into the hands of George Wheeler, a deputy-sheriff fully authorized to serve the same; and on the twenty-ninth day of May, 1869, said officer demanded of said Lorenzo D. Cooke, the goods, effects, and credits in his hands and possession, belonging to said Neal, and he refused to deliver the same; and said officer thereupon returned said execution in no part satisfied. Yet, though judgment be rendered as aforesaid, the execution of the same remains to be made, and the said Woods hath made application to us to provide remedy for him in that behalf.

The defendant demurred at the first term, and the plaintiff joined the demurrer.

The presiding judge overruled the demurrer and adjudged the declaration good, whereupon the defendant alleged exceptions.

*A. Libby*, in support of the exceptions.

1. There was no demand on the trustee within thirty days from rendition of judgment. R. S., c. 86, § 73.

The only date of judgment averred in the writ is first Tuesday of March, 1869. The execution was issued March 27, 1869. The demand on trustee is averred on the 29th of May, 1869, sixty-three days after execution was issued.

2. The two sections, 50 and 73, should be construed together. It is not competent for the court to extend the duration of the attachment after judgment, at discretion. The statute limits the duration of the attachment. By § 50 the property is to be delivered to the officer and held and disposed of by him, as if it had been attached on *mesne process*. He could not take and hold it as if attached on *mesne process*, after the expiration of thirty days from rendition of judgment.

3. It does not appear, by any averment in the writ, that the tender was made and the property demanded while the right of redemption existed.

4. It does not appear, by comparison of dates, that a tender was made within sixty days from rendition of judgment.

The demurrer was filed the first term, and if the declaration should be held good, the case should stand for leave to plead over.

*J. Baker & W. Benjamin*, for the plaintiff.

BARROWS, J. The writ sets forth a recovery of a judgment by the plaintiff, at the March term, 1869, against one Neal, as principal, and against Neal's goods, effects, and credits in the hands and possession of this respondent, as Neal's trustee, " charged conditionally, namely, if the plaintiff pay the trustee $2000, and interest from April 19, 1865, within sixty days after the final judgment, then the trustee is to deliver to the officer one-half of the cigars and the interest in the vessel."

Then follow averments of a tender by the plaintiff of " said $2000, and interest within said sixty days, to wit, on the 17th day of May, A. D. 1869 ;" that execution issued on this judgment, in due

form of law, March 27, 1869, and was placed in the hands of an officer duly authorized to serve it; and that on the 29th day of May, 1869, the officer demanded of the respondent the goods, effects, and credits of said Neal, in his hands and possession, and he refused to deliver them; and thereupon the officer returned the execution in no part satisfied, and that execution upon that judgment still remains to be done. The respondent demurred generally at the first term, and excepts to the overruling of his demurrer, which was duly joined.

He presents, as the grounds of his demurrer, the want of any averment of a demand by an officer on the trustee within thirty days from the rendition of judgment, the want of any averment that the tender was made or the property demanded while the right of redemption existed, and the failure to make it appear, upon a comparison of dates, that the tender was made within sixty days after the rendition of judgment.

Reversing the order in which they have just been stated, we remark,

1. The averment is distinct, that the tender was made " within said sixty days," and there is nothing, in the dates given, absolutely inconsistent with this averment. Though the judgment was rendered at the term begun and holden on the first Tuesday of March, 1869, it does not follow nor seem probable that it was rendered on that day, and the date of the execution, March 27, 1869, is within sixty days next preceding the 17th of May, when it is alleged the tender was made. Inasmuch as the dates given do not contradict the express averment admitted by the demurrer, that the tender was made within said sixty days, we deem this ground untenable.

2. There is no direct averment that the tender was made while the right of redemption of the mortgaged chattels existed, but the writ sets forth *in totidem verbis* the order of the court, charging the trustee, upon condition that plaintiff paid the requisite sum within sixty days after final judgment, and avers a tender within said sixty days. To sustain this cause of demurrer it would be necessary to presume that the judge made an order in direct con-

travention of the statute which provides (c. 86, § 50) that, upon a certain state of facts being disclosed by the trustee, "the court . . . shall order that on payment or tender of such money by the plaintiff to said trustee, within such time as the court orders, and while the right of redemption exists, he shall deliver over the property," etc.

We are not to presume, upon a demurrer, that the court made the order in this case, in disregard of the requirements of the statute. An averment of a tender, within the time limited by the court in the order, is equivalent to an averment of a tender while the equity of redemption existed.

If the fact was otherwise, the defendant should have excepted to the ruling by which he was charged, and must now plead and establish the existence of the error in the order. But he might as well object to the writ for want of an averment that the trustee disclosed property, not exempt by law from attachment, mortgaged to him and in his possession, upon which the principal defendant had an existing right of redemption, for this, under the same § 50, is all prerequisite to the passage of the conditional order for delivery. The passage of the order necessarily implies it all.

3. If a demand for the property to be made upon the respondent, by an officer, within thirty days after final judgment, is essential, it is fatal to the plaintiff's case, for no such demand is averred. The respondent relies upon § 73, c. 86, and the first clause of that section supports his position strongly.

But the provision which dissolves the attachment by the original process, if the goods, effects, or credits are not duly demanded of the trustee, within thirty days next after final judgment, is qualified by the final clause as follows: " but when the debt due from the trustee to the principal defendant is payable at a future day, or specific property is in his hands which he is bound to deliver at a future day, the attachment shall continue until thirty days next after such debt is payable in money, or the property aforesaid is demanded of the trustee."

Applying this now to cases arising under § 50, and construing the

whole together so as to give due effect, if possible, to all the provisions, it is plain that the mortgagee, or pledgee, is not bound to deliver the property until the amount of his debt is tendered to him ; that the judge may fix such reasonable time, during the life of the equity of redemption, as he thinks proper, within which the plaintiff may tender, and the attachment will hold good for thirty days after the tender is made, and the trustee becomes bound to deliver. When the process of foreign attachment is served, the law lays its hand upon the principal debtor's interest and he is thereby precluded from making an effectual tender, and his right to redeem is in the hands of the court, to be made available to his creditor under the provisions of § 50. It will always be in the power of the mortgagee to save all his own rights, by seasonably taking the proper steps to foreclose his mortgage. We think a demand by the officer having the execution, within the thirty days next after the tender by the attaching creditor, is necessary to fix the liability of the trustee, who might otherwise well suppose that the debt had been discharged by the principal defendant, and that without such demand *scire-facias* could not be maintained.

Such a demand is averred here, and a refusal by the respondent to deliver thereupon. *Exceptions overruled.*

*Repleader awarded upon payment of costs.*

APPLETON, C. J.; CUTTING, KENT, DICKERSON, and TAPLEY, JJ., concurred.